UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-20814-BB
MIAMI DIVISION

TWARLA HILL,

    Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW**

Defendant, FLORIDA INTERNATIONAL UNIVERSITY ("FIU"), by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 12 and Southern District of Florida Local Rule 7.1, hereby files this Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law, and states:

1.     This is a purported employment discrimination action arising from Plaintiff's termination from Plaintiff's employment and subsequent termination from her employment at FIU. Plaintiff brings this action pursuant to the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("FCRA"). The Complaint alleges six (6) Counts against FIU including: two (2) counts of racial discrimination in violation of Title VII and the FCRA; two (2) counts of national origin discrimination in violation of Title VII and the FCRA; and two (2) counts of retaliation in violation of Title VII and the FCRA. Dismissal is appropriate because the Complaint is substantively and procedurally deficient.

2. Florida law requires that in order to pursue a cause of action against a Florida University System institution, such as FIU, the proper party to the action is the Board of Trustees. The Board of Trustees is the public body corporate with the power to sue and be sued. Fla. Stat. § 1001.72. By failing to properly name "The Florida International University Board of Trustees" to this suit, Plaintiff has sued a non-existent entity and the Complaint is subject to dismissal for failing to name the proper party as well as insufficiency of process. *See e.g.*, *Hankins v. Dean of Comms., Valencia College*, 2012 WL 7050630 at *1–2 (M.D. Fla. 2012) (finding insufficiency of process against college and granting dismissal of case because plaintiff failed to name college's board of trustees, which was proper defendant to suit); *O'Hara v. Univ. of West Florida*, 2008 WL 4833104 at *6 (N.D. Fla. 2008); *U.S. Equal Emp't Opportunity Comm'n v. Fla. Gulf Coast Univ.*, 2007 WL 2077577, at *2 (M.D. Fla. 2007).

3. The proper defendant in this case, the Florida International University Board of Trustees, is indisputably a state agency. *See* Fla. Stat. § 1001.72; Fla. Stat. § 768.28(2). Accordingly, Plaintiff's claims for punitive damages, contained under each Count of the Complaint, must be dismissed because punitive damages are barred against state agencies under both Title VII and the FCRA. *See* Fla. Stat. § 760.11(5); *see also* 42 U.S.C. § 1981a(b)(1); *Shedrick v. strict Bd. Of Trustees of Miami-Dade College,* 941 F. Supp. 2d 1348, 1360 (S.D. Fla. 2013) (finding that a state agency cannot be liable for punitive damages under Title VII or the FCRA).

4. Plaintiff has failed to demonstrate a *prima facie* case of race or national origin discrimination under Counts I, II, III, and IV of the Complaint. The Complaint does not identify any adequate comparators, but instead vaguely references unidentified employees outside of Plaintiff's purported protected classes who she claims were treated more favorably. [D.E. 1 ¶¶ 38, 49, 65-66, 75-76]. Not only are these proffered comparators unidentified, but there are no

allegations establishing that any of these individuals were similarly situated to Plaintiff in any respect. Counts I, II, III, and IV must be dismissed for failure to state a *prima facie* claim. *See Gilliam v. U.S. Dept. of Veterans Affairs,* 2019 WL 1383156 at *3-4 (M.D. Fla. March 27, 2019) ("because Plaintiff has failed to identify an adequate comparator, his race, national origin, and gender discrimination claims are facially implausible") (citing *Lewis*, 918 F. 3d at 1213; *Lathem v. Dept. of Children and Youth Services,* 172 F. 3d 786, 793 (11th Cir. 1999)); *see also Scheirich v. Town of Hillsboro Beach*, 2008 WL 186621 (S.D. Fla. Jan. 18, 2009); *Caraway v. Secretary, U.S. Dept. of Transp.,* 550 Fed. Appx. 704, 710 (11th Cir. 2013).

5.      Plaintiff's discrimination claims under Counts III and IV are further subject to dismissal for failure to properly identify Plaintiff's national origin. Instead, Plaintiff refers to herself as "American" and "not Hispanic". [D.E. ¶¶ 64, 74]. The Complaint does not state where Plaintiff was born or where her ancestors originated from. *See Espinoza v. Farah Mfg. Co., Inc.,* 414 U.S. 86, 88 (1973) (defining "national origin" as where a plaintiff was born or where a plaintiff's ancestors originated). She also fails to reference any country with respect to the "Hispanics" she claims to support her national origin claims.  The Complaint fails to give sufficient allegations to support these discriminatory claims based on national origin.  The *prima facie* claims of national origin discrimination found in Counts III and IV must be dismissed as a matter of law.

## MEMORANDUM OF LAW

### *Dismissal Standard*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

defendant may move to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a defendant's motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain enough factual allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. The facts found in the complaint must "state a claim to relief that is plausible on its face." *Id*.

This pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court's holding in *Ashcroft v. Iqbal* requires the trial courts to "identify allegations of the complaint that because of their conclusory nature are not entitled to the assumption of truth." *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013) (citing *Ashcroft*, 556 U.S. 662). Allegations "full of self-serving hyperbole, personal attacks, and formulaic, implausible conclusions" must be disregarded. *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1224 (S.D. Fla. 2013).

**I.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO NAME THE PROPER PARTY**

When suing a State university or a department within the state university, the proper entity to sue is the Board of Trustees of that university. Under Florida law, a university "is not endowed with separate corporate existence, or with the authority to be sued in its own name. Rather, those characteristics are bestowed upon the Board of Regents, as head of the State's University System." *Byron v. University of Florida*, 403 F.Supp. 49, 54 (N.D. Fla. 1975). In 2002, the Florida Legislature reorganized the State University System and replaced the state Board of Regents with a statewide Board of Governors and Boards of Trustees for each State University. *See* Fla. Laws 2002, c. 2002-387, eff. Jan. 7, 2003; Art. IX, section 7, Fla. Stat. Consequently, each State University's Board of Trustees:

> "[s]hall be a public body corporate…with all the powers of a body corporate, including the power to adopt a corporate seal, to contract and be contracted with, to sue and be sued, to plead and be impleaded in all courts of law or equity, and to give and receive donations. In all suits against a board of trustees, service of process shall be made on the chair of the board of trustees, or in the absence of the chair, on the corporate secretary or designee."

Fla. Stat. §1001.72(1) (emphasis added).

Under Federal Rule of Civil Procedure 4(j)(2), proper notice is provided to a state created government agency when the plaintiff provides a copy of the summons and complaint in the manner prescribed by state law. *See Cornwall v. Miami-Dade County Corr. & Rehab. Dept.*, 2011 WL 3878352 (S.D. Fla. 2011). As an entity that cannot sue or be sued in its own name, FIU is not subject to service of process. See Fla. Stat. §1001.72(1). Because the summons was addressed to, and the Complaint named, Florida International University, rather than its Board of Trustees, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(4) due to insufficient process. *See e.g., Miller v. United States*, 2011 WL 1750442 (N.D. Fla. 2011). Without suing a legitimate entity, the Plaintiff has failed to perfect service or process or state a cause of action upon which relief may be granted; hence, this Court lacks jurisdiction to render judgment and should dismiss the Complaint. *See In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2008); *see also e.g., Hankins v. Dean of Comms., Valencia College*, 2012 WL 7050630 at *1–2 (M.D. Fla. 2012) (finding insufficiency of process against college and granting dismissal of case because plaintiff failed to name college's board of trustees, which was the proper defendant); *O'Hara v. Univ. of West Florida*, 2008 WL 4833104 at *6 (N.D. Fla. 2008) (granting defendant's motion to dismiss because university's board of trustees was not named as defendant); *U.S. Equal Emp't Opportunity Comm'n v. Fla. Gulf Coast Univ.,* 2007 WL 2077577, at *2 (M.D. Fla. 2007) (dismissing action against Florida Gulf Coast University on basis that complaint did not name proper party).

## II.   PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES ARE BARRED

FIU is indisputably an arm of the State of Florida. *See* Fla. Stat. § 1001.72; Fla. Stat. § 768.28(2). As a Florida University System institution, FIU constitutes a political subdivision of the state. *See id.* Each Count of Plaintiff's Complaint attempts to make a claim for punitive damages against FIU. *See generally* [D.E. 1]. Under both Title VII and the FCRA, however, punitive damages are barred against a state and its agencies. *See* Fla. Stat. § 760.11(5); *see also* 42 U.S.C. § 1981a(b)(1). All claims for punitive damages under Counts I, II, III, IV, V, and VI of the Complaint must therefore be dismissed. *See Shedrick v. strict Bd. Of Trustees of Miami-Dade College,* 941 F. Supp. 2d 1348, 1360 (S.D. Fla. 2013) (finding that a state agency cannot be liable for punitive damages under Title VII or the FCRA); *see also Dismuke v. University of South Fla. Bd. Of Trustees,* 2006 WL 166547 at *4 (M.D. Fla. Jan. 23, 2006) (dismissing with prejudice plaintiff's Title VII claim for punitive damages against state agency).

## III.   PLAINTIFF HAS FAILED TO ESTABLISH A *PRIMA FACIE* CASE OF DISCRIMINATION UNDER COUNTS I, II, III, AND IV

Under the FCRA and Title VII, employees are protected from intentional employment discrimination based on their race or ethnicity and claims brought under either the FCRA or Title VII are analyzed under the same standards. *See Tippie v. Spacelabs Medical, Inc.,* 180 Fed.Appx. 51, 53 (11th Cir. 2006) (citing *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998)). A plaintiff may establish discriminatory intent if the plaintiff demonstrates that she is (1) a member of a protected class; (2) was subject to an adverse employment action; (3) was qualified to do the job; and (4) was treated less favorably than similarly situated employees. *See McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817 (1973); *see also Coutu v. Martin County Bd. of County Com'rs*, 47 F.3d 1068 (11th Cir. 1995).

### a.   Counts I and II fail to establish a claim of racial discrimination

In Counts I and II, Plaintiff claims racial discrimination in violation of Title VII and the FCRA, respectively. Plaintiff has satisfactorily alleged that she is a member of a protected class based on her race. [D.E. 1 ¶ 4]. However, the Complaint lacks any factual allegations demonstrating the existence of adequate comparators who were purportedly treated more favorably, as required under the fourth prong of the *McDonnell Douglas* framework. *See generally* [D.E. 1]; *McDonnell Douglas Corp.*, 93 S.Ct. 1817.

The Complaint is devoid of any allegations supporting potential comparators. In a recent decision, the Eleventh Circuit held that "a meaningful comparator analysis must be conducted at the *prima facie* stage." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1218 (11th Cir. 2019). The court in *Lewis* clarified the standard for comparators in discrimination cases and further held that the proper evaluation is whether the proffered comparators are "similarly situated in all material respects." *Lewis*, 918 F.3d at 1218.

The Complaint merely alleges under Counts I and II that "non-black employees" were treated more favorably than Plaintiff – specifically that these individuals are "given equity raises in their salary, are not accused of stealing food, and are not referred to by derogatory slang". [D.E. 1 ¶¶ 38, 49]. Because Plaintiff has failed to even attempt to allege that these unidentified non-black employees were similarly situated to her in any way, she has failed to establish the existence of adequate comparators and Counts I and II must be dismissed. *See Gilliam v. U.S. Dept. of Veterans Affairs*, 2019 WL 1383156 at *3-4 (M.D. Fla. March 27, 2019) ("because Plaintiff has failed to identify an adequate comparator, his race, national origin, and gender discrimination claims are facially implausible") (citing *Lewis*, 918 F. 3d at 1213; *Lathem v. Dept. of Children and Youth Services,* 172 F. 3d 786, 793 (11th Cir. 1999)); *see also Scheirich v. Town of Hillsboro Beach*, 2008 WL 186621 (S.D. Fla. Jan. 18, 2009) (dismissing Title VII claim

where the complaint alleged that terminated plaintiff was a member of a protected class and listed events surrounding plaintiff's termination, but failed to allege that similarly situated employees outside of her protected class were treated more favorably); *Caraway v. Secretary, U.S. Dept. of Transp.,* 550 Fed. Appx. 704, 710 (11th Cir. 2013) (upholding motion to dismiss where complaint failed to specifically allege the existence of valid comparators or facts giving rise to an inference of discrimination).

### b. Counts III and IV fail to establish a claim of national origin discrimination

Counts III and IV fail to properly state a *prima facie* claim of national origin discrimination. National origin generally refers "to the country where a person was born, or, more broadly, the **country** from which his or her ancestors came." *Espinoza v. Farah Mfg. Co., Inc.,* 414 U.S. 86, 88 (1973). Plaintiff claims that she was discriminated against for being a "black American and not Hispanic". [D.E. 1 ¶¶ 64, 74]. She emphasizes that she was allegedly discriminated against for "not being Hispanic" but does not state where she was born. *See* [D.E. 1 ¶ 62]. Accordingly, Plaintiff has not shown that she is a member of a protected class as required to state a *prima facie* claim of national origin discrimination. Counts III and IV should therefore be dismissed. *See Jones v. Gadsden County Schools*, 758 Fed. Appx. 722, 725 (11th Cir. 2018) (analyzing plaintiff's equal protection claim under the same framework as Title VII national origin discrimination claims and upholding dismissal in part due to plaintiff's failure to state any facts about his own national origin).

Additionally, Counts III and IV are also subject to dismissal for failure to identify any adequate comparators who are similarly situated in all material aspects like previously argued. *See supra* at p. 7. Plaintiff again only references unidentified "Hispanic employees" who were allegedly treated more favorably than her, yet does not specify how these individuals were

similarly situated to her **in any** respect whatsoever. [D.E. ¶¶ 65-66, 75-76]. Additionally nowhere in the Complaint does Plaintiff allege any country of nationality to support a national origin claim. Counts III and IV are thus subject to dismissal for failure to state a *prima facie* claim of national origin discrimination. *See Gilliam,* 2019 WL 1383156 at *3-4 ("because Plaintiff has failed to identify an adequate comparator, his race, national origin, and gender discrimination claims are facially implausible") (citing *Lewis*, 918 F. 3d at 1213; *Lathem v. Dept. of Children and Youth Services,* 172 F. 3d 786, 793 (11th Cir. 1999)); *Caraway,* 550 Fed. Appx. at 710.

WHEREFORE, the Defendant, FLORIDA INTERNATIONAL UNIVERSITY, respectfully requests this Court grant its Motion to Dismiss and any other relief it deems appropriate.

I HEREBY CERTIFY that on this 23rd day of March, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    MARRERO & WYDLER
    *Counsel for Defendant*
    2600 Douglas Road, PH-4
    Coral Gables, FL 33134
    (305) 446-5528
    (305) 446-0995 (fax)

    BY __/s/ Lourdes Espino Wydler____
        OSCAR E. MARRERO
        F.B.N.: 372714
        oem@marrerolegal.com
        LOURDES ESPINO WYDLER
        F.B.N.: 719811
        lew@marrerolegal.com
        CHARLSIE J. HARRIS
        F.B.N.: 1018830
        cjh@marrerolegal.com

## SERVICE LIST

Michelle Cohen Levy, Esq.
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, FL 33064
(954) 651-9196
michelle@cohenlevylegal.com
FBN:  0068514
*Attorneys for Plaintiff*