UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVSION
Case No: 1:20-cv-20814- BLOOM/Louis

TWARLA HILL,

    Plaintiff,

v.

THE FLORIDA INTERNATIONAL
UNIVERSITY BOARD OF TRUSTEES,

    Defendant.

_____/

## FIRST AMENDED COMPLAINT

Plaintiff, TWARLA HILL, by and through her undersigned counsel, hereby files and serves her First Amended Complaint against the Defendant, THE FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES, and alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages and to remedy violations of the rights of TWARLA HILLS under the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), to redress injuries done to her by the Defendant, THE FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES ("Defendant").

2.    The unlawful acts which gave rise to this Complaint occurred within Miami-Dade County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

### PARTIES

3. At all times material hereto, Plaintiff has been a citizen and resident of Miami-Dade County Florida and is otherwise *sui juris*.

4. As a black, non-Hispanic female, Plaintiff is a member of a protected class under the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), because the terms, conditions, and privileges of her employment were altered because of her race, national origin, and gender.

5. Defendant is a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on November 27, 2019. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Defendant hired Plaintiff on January 8, 2007 and subsequently wrongfully terminated her on May 4, 2018.

12. The Plaintiff held numerous positions while working for the Defendant, including Financial Analyst 2, Coordinator in Accounting, and Financial Manager. The Plaintiff's final position was Financial Analyst 2.

13. The Plaintiff's job duties varied depending on the position she had at that time.

14. Plaintiff was qualified for each of the various positions she had based on her experience and training.

15. Plaintiff's starting salary was $29.20 per hour.

16. The Plaintiff never had any issues with the Defendant until she requested a raise in August 2017, at which point she became the target of harassment and discrimination.

17. The Plaintiff's supervisor, Mr. Hector Junco, had been promising the Plaintiff a raise for the previous four or five years, but to no avail. The Plaintiff started her position with a Masters Degree. In the Arts and Sciences Dean's Office, the Plaintiff was the only one in her department and in human resources who had a Masters Degree. However, people who started after the Plaintiff and at lower levels than her received promotions and salary increases as soon as their degrees were conferred on them. Since the Plaintiff was responsible for payroll, she saw the salary of nearly 1200 people, many of whom received $10,000 to $15,000 more than Plaintiff. Even her Supervisor, Mr. Junco, was promoted to interim director and received a salary increase as soon as he obtained his degree.

18. In August 2017, the Plaintiff requested an equity increase in her salary, based on the information she had seen regarding salary increases for those who obtained their degrees. After making that request, the Defendant began to treat her differently.

19. Before the Plaintiff's salary request, her supervisor always gave her exceptional scores on her evaluations. After she requested the salary increase, her supervisor started giving her lower scores on her evaluations.

20. Mr. Junco started treating the Plaintiff differently in other ways as well. For instance, Mr. Junco accused the Plaintiff of stealing Splenda out of the kitchen. The Plaintiff is a diabetic, so she used Splenda instead of sugar and brought it from home. The Plaintiff explained this to Mr. Junco. Instead of Mr. Junco apologizing, he said "oh, I am just playing." On another occasion, he also referred to the Plaintiff as a "mofo."

21. On October 24, 2017, the Plaintiff met with Mr. Junco to go over her 2016 Performance Excellent Process ("PEP"). When Mr. Junco and the Plaintiff sat down to discuss her scores, the Plaintiff told him that the ratings were not a fair assessment and they discussed each item listed on the PEP. After the Plaintiff made her points, Mr. Junco agreed to review and revise the PEP. The Plaintiff then asked about her written request for an equity increase. Mr. Junco denied seeing that request. Without even taking a moment to read the Plaintiff's salary request, Mr. Junco suddenly told her that Neysa Aguirre, Arts and Sciences Human Resources Director, assessed the nature of the Plaintiff's work and decided to move her from the finance team to the HR Team. Mr. Junco also told the Plaintiff that Mr. Benny Millares would be her new supervisor. The Plaintiff reminded Mr. Junco that a few years ago, Employee Relations did an assessment of her job description and they determined that her function is financial and that she was to report to Mr. Junco only.

22. The Plaintiff asked to meet with Ms. Aguirre. The Plaintiff asked Ms. Aguirre if she was wrong to request an equity increase on her evaluation or if she should have completed a separate form. Ms. Aguirre never answered the Plaintiff's question. However, she did tell the

Plaintiff that she did a salary comparison of other Financial Analyst 2 within the University and since the Plaintiff was not the lowest paid, there was no justification to give her an equity increase, without regard to the Plaintiff's qualifications or experience or other factors. The Plaintiff also spoke with Ms. Aguirre about some of the problems she had been having with Mr. Junco, which Plaintiff explained were unprofessional and racially motivated.

23. During the meeting, the Plaintiff said if she was moved into Mr. Millares's department, then she would resign. The Plaintiff explained that just six years prior, Mr. Millares was a student working in the file room. He was later hired as a Coordinator, then promoted to Assistant HR Director, and lacked supervisory experience. The Plaintiff told her that their decision to move her to another department was unfair, racially motivated, and in retaliation for the Plaintiff asking for a raise. The Plaintiff also mentioned that she was going to speak to someone in the discrimination office.

24. Here is a list of all the Hispanic staff that was promoted after they got degrees: Gabriela Morales, Mr. Millares, Jessie Guevara, Mr. Junco, and Steven Fernandez.

25. The Plaintiff went to human resources and told them that she felt discriminated against. They told her she had to go to the discrimination office, which she did. The discrimination office claimed that they would conduct an investigation. The Plaintiff never heard back regarding the alleged investigation.

26. On October 27, 2018, the Plaintiff also submitted a form with FIU Title IX Coordinator, Marlynn Jones. She requested an ergo chair abased on a note from her doctor. The Plaintiff was approved for the chair but she never received it.

27. On March 27, 2018, the Plaintiff noticed that one of her main job functions was listed as part of a new job position in the College of Arts, Science and Education ("CASE"). That

5

same day, the Plaintiff sent an email to Valerie Hall, the director in the discrimination office. The Plaintiff also mentioned that her 2016-17 PEP, wherein she requested a salary increase, had been removed from her employee records. Ms. Hall never responded to the Plaintiff's email.

28. On May 4, 2018, the Plaintiff was accused of accessing employee records after she found out three of her peers were promoted and given raises even though she had seniority, a higher degree, and much more experience. Despite the fact that the Plaintiff's job duties and responsibilities require Plaintiff to access the personnel records of over one thousand employees, the Defendant accused Plaintiff of accessing records without authorization. In support of this accusation, Defendant presented Plaintiff with a fake report purportedly from the FIU PantherSoft team with many computer codes and Plaintiff's Panther ID. The Plaintiff knew right away that the report was fake, particularly because times when she allegedly accessed the records were times that were impossible. For instance, one logged time was after the Plaintiff had already gone home for the day. Another time was impossible because Plaintiff had been preparing a chart for Joanna Cuesta Gomez, Director of Human Relations, showing which employees had been promoted, and this chart took the Plaintiff several hours to prepare, and there was no way she was accessing employee records that day.

29. The Plaintiff was put on administrative leave, pending an investigation. The Plaintiff sent information showing that she was not at work during one of the dates and times mentioned on the report.

30. Despite all of this, on May 4, 2018, Defendant terminated the Plaintiff's employment.

31. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Race)**

32. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 31, inclusive, as though same were fully re-written here

33. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against on the basis of her race, black.

34. Hector Junco, Supervisor, Neysa Aguirre, Arts and Sciences Human Resources Director, Valerie Hall, Director in the discrimination office, Joann Cuesta Gomez, Director of Employee Relations, at all times relevant, were acting within the course and scope of their employment for Defendant.

35. Because Plaintiff is black, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

36. Because Plaintiff is black, she was denied an equity increase in her salary, accused of stealing food, referred to as a "mofo," and the Defendant did nothing to protect her from the discrimination.

37. Upon information and belief, similarly situated non-black employees are not permitted to be harassed by management.

38. Upon information and belief, similarly situated non-black employees are given equity raises in their salary, are not accused of stealing food, and are not referred to by derogatory slang.

39. Upon information and belief, the complaints of similarly situated non-black employees are taken seriously and addressed.

40. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, TWARLA HILL, being discriminated against.

41. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, liquidated damages, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

## **COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Discrimination on the Basis of Race)**

42. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 31, inclusive, as though same were fully re-written here.

43. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

44. Plaintiff is black and therefore a member of a protected class.

45. Because Plaintiff is black, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

46. Because Plaintiff is black, she was denied an equity increase in her salary, accused of stealing food, referred to as a "mofo," and the Defendant did nothing to protect her from the discrimination.

47. Upon information and belief, similarly situated non-black employees are not permitted to be harassed by management.

48. Upon information and belief, similarly situated non-black employees are given equity raises in their salary, are not accused of stealing food, and are not referred to by derogatory slangs.

49. Upon information and belief, the complaints of similarly situated non-black employees are taken seriously and addressed.

50. At all relevant and material times, Defendant failed to comply with the FCRA.

51. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

52. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was Black.

53. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

54. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

55. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on

account of her race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

56. Plaintiff's discrimination was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is Black, in violation of the FCRA.

57. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's race.

58. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her race.  The discrimination on the basis of race constitutes unlawful discrimination.

59. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of National Origin)**

60. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 31, inclusive, as though same were fully re-written here.

61. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated on the basis of her not being Hispanic.

62. Hector Junco, Supervisor, Neysa Aguirre, Arts and Sciences Human Resources Director, Valerie Hall, Director in the discrimination office, Joann Cuesta Gomez, Director of Employee Relations, at all times relevant, were acting within the course and scope of their employment for Defendant.

63. Because Plaintiff is black American, born in the United States, and not Hispanic or descendent from family with Hispanic origin, she was not considered for a promotion and/or an increase in her salary after receiving her degree, and the Defendant refused to take any action to prevent the discrimination.

64. Upon information and belief, similarly situated Hispanic employees who started after the Defendant and at lower levels are promoted after they receive their degrees.

65. Upon information and belief, similarly situated Hispanic employees who started after the Defendant and at lower levels receive salary increases after they receive their degrees.

66. Upon information and belief, the complaints of similarly situated Hispanic employees are taken seriously and addressed.

67. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff being discriminated against.

68. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, liquidated damages, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Discrimination on the Basis of National Origin)

69. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 31, inclusive, as though same were fully re-written here.

70. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

71. Hector Junco, Supervisor, Neysa Aguirre, Arts and Sciences Human Resources Director, Valerie Hall, Director in the discrimination office, Joann Cuesta Gomez, Director of Employee Relations, at all times relevant, were acting within the course and scope of their employment for Defendant.

72. Because Plaintiff is black American, born in the United States, and not Hispanic or descendent from family with Hispanic origin, she was not considered for a promotion and/or an increase in her salary after she received her degree, and the Defendant refused to take any action to prevent the discrimination.

73. Upon information and belief, similarly situated Hispanic employees who started after the Defendant and at lower levels are promoted after they receive their degrees.

74. Upon information and belief, similarly situated Hispanic employees who started after the Defendant and at lower levels receive salary increases after they receive their degrees.

75. Upon information and belief, the complaints of similarly situated Hispanic employees are taken seriously and addressed.

76. At all relevant and material times, Defendant failed to comply with the FCRA.

77. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

78. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

79. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her national origin in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

80. Plaintiff's discrimination was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is a black American, in violation of the FCRA.

81. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's national origin.

82. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

83. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## **COUNT V: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Retaliation)**

84. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 31, inclusive, as though same were fully re-written here.

85. Plaintiff had the right to voice her grievances to the Defendant regarding the fact that she was being discriminated against.

86. When Defendant began to give the Plaintiff lower scores on her evaluations, it retaliated against Plaintiff for exercising her rights.

87. When Defendant requested that Plaintiff be placed in another department, it retaliated against Plaintiff for exercising her rights.

88. When Defendant falsified records and accused the Plaintiff of accessing employee records, it retaliated against Plaintiff for exercising her rights.

89. When Defendant put the Plaintiff on administrative leave and subsequently terminated her, it retaliated against Plaintiff for exercising her rights.

90. Hector Junco, Supervisor, Neysa Aguirre, Arts and Sciences Human Resources Director, Valerie Hall, Director in the discrimination office, Joann Cuesta Gomez, Director of Employee Relations, at all times relevant, were acting within the course and scope of their employment for Defendant.

91. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

92. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

### COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

93. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 31 inclusive, as though same were fully re-written here.

94. Plaintiff had the right to voice her grievances to the Defendant regarding the fact that she was being discriminated against.

95. When Defendant began to give the Plaintiff lower scores on her evaluations, it retaliated against Plaintiff for exercising her rights.

96. When Defendant requested that Plaintiff be placed in another department, it retaliated against Plaintiff for exercising her rights.

97. When Defendant falsified records and accused the Plaintiff of accessing employee records, it retaliated against Plaintiff for exercising her rights.

98. When Defendant put the Plaintiff on administrative leave and subsequently terminated her, it retaliated against Plaintiff for exercising her rights.

99. Hector Junco, Supervisor, Neysa Aguirre, Arts and Sciences Human Resources Director, Valerie Hall, Director in the discrimination office, Joann Cuesta Gomez, Director of Employee Relations, at all times relevant, were acting within the course and scope of their employment for Defendant.

100. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

101. Plaintiff has engaged the undersigned attorneys to prosecute her claim and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of

Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 4th day of May, 2020

By:  /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*By: s/Michelle Cohen Levy*