UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:20-CV-20814-BB
MIAMI DIVISION

TWARLA HILL,

      Plaintiff,

vs.

THE FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, THE FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES ("FIU"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and states:

## JURISDICTION AND VENUE

1.    Defendant admits only that this action is brought under the Civil Rights Act of 1964, as amended and the Florida Civil Rights Act of 1992. Defendant denies the remainder of allegations in Paragraph one (1) of the First Amended Complaint and demands strict proof thereof.

2.    Defendant admits only that venue is proper. Defendant denies the remainder of allegations in Paragraph two (2) of the First Amended Complaint and demands strict proof thereof.

## PARTIES

3.      Based upon reasonable investigation, the allegations contained in Paragraph three (3) of the First Amended Complaint are unknown to Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

4.      Defendant denies the allegations in Paragraph four (4) of the First Amended Complaint and demands strict proof thereof.

5.      Defendant admits the allegations in Paragraph five (5) of the First Amended Complaint.

6.      Defendant admits the allegations in Paragraph six (6) of the First Amended Complaint.

7.      Defendant denies the allegations in Paragraph seven (7) of the First Amended Complaint and demands strict proof thereof.

8.      Defendant denies the allegations in Paragraph eight (8) of the First Amended Complaint and demands strict proof thereof.

9.      Defendant admits only that Exhibit A has been attached to the First Amended Complaint. However, the Defendant denies as phrased the remainder of the allegations in Paragraph nine (9) of the First Amended Complaint and demands strict proof thereof.

10.      Defendant denies the allegations in Paragraph ten (10) of the First Amended Complaint and demands strict proof thereof.

## **<u>GENERAL ALLEGATIONS COMMON TO ALL COUNTS</u>**

11.      Defendant denies the allegations in Paragraph eleven (11) of the First Amended Complaint and demands strict proof thereof.

12.      Defendant denies the allegations in Paragraph twelve (12) of the First Amended Complaint and demands strict proof thereof.

13.      Defendant denies the allegations in Paragraph thirteen (13) of the First Amended Complaint and demands strict proof thereof.

14.     Defendant denies the allegations in Paragraph fourteen (14) of the First Amended Complaint and demands strict proof thereof.

15.     Defendant denies the allegations in Paragraph fifteen (15) of the First Amended Complaint and demands strict proof thereof.

16.     Defendant denies the allegations in Paragraph sixteen (16) of the First Amended Complaint and demands strict proof thereof.

17.     Defendant denies the allegations in Paragraph seventeen (17) of the First Amended Complaint and demands strict proof thereof.

18.     Defendant denies the allegations in Paragraph eighteen (18) of the First Amended Complaint and demands strict proof thereof.

19.     Defendant denies the allegations in Paragraph nineteen (19) of the First Amended Complaint and demands strict proof thereof.

20.     Defendant denies the allegations in Paragraph twenty (20) of the First Amended Complaint and demands strict proof thereof.

21.     Defendant denies the allegations in Paragraph twenty-one (21) of the First Amended Complaint and demands strict proof thereof.

22.     Defendant denies the allegations in Paragraph twenty-two (22) of the First Amended Complaint and demands strict proof thereof.

23.     Defendant denies the allegations in Paragraph twenty-three (23) of the First Amended Complaint and demands strict proof thereof.

24.     Defendant denies the allegations in Paragraph twenty-four (24) of the First Amended Complaint and demands strict proof thereof.

25.     Defendant denies the allegations in Paragraph twenty-five (25) of the First Amended Complaint and demands strict proof thereof.

26.     Defendant denies the allegations in Paragraph twenty-six (26) of the First Amended Complaint and demands strict proof thereof.

27.     Defendant denies the allegations in Paragraph twenty-seven (27) of the First Amended Complaint and demands strict proof thereof.

28.     Defendant denies the allegations in Paragraph twenty-eight (28) of the First Amended Complaint and demands strict proof thereof.

29.     Defendant denies the allegations in Paragraph twenty-nine (29) of the First Amended Complaint and demands strict proof thereof.

30.     Defendant denies the allegations in Paragraph thirty (30) of the First Amended Complaint and demands strict proof thereof.

31.     Defendant denies the allegations in Paragraph thirty-one (31) of the First Amended Complaint and demands strict proof thereof.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Discrimination on the Basis of Race)

32.     Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through thirty-one (31) of the First Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

33.     Defendant denies the allegations in Paragraph thirty-three (33) of the First Amended Complaint and demands strict proof thereof.

34.    Based upon reasonable investigation, the allegations contained in Paragraph thirty-four (34) of the First Amended Complaint are unknown to Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

35.    Defendant denies the allegations in Paragraph thirty-five (35) of the First Amended Complaint and demands strict proof thereof.

36.    Defendant denies the allegations in Paragraph thirty-six (36) of the First Amended Complaint and demands strict proof thereof.

37.    Defendant denies the allegations in Paragraph thirty-seven (37) of the First Amended Complaint and demands strict proof thereof.

38.    Defendant denies the allegations in Paragraph thirty-eight (38) of the First Amended Complaint and demands strict proof thereof.

39.    Defendant denies the allegations in Paragraph thirty-nine (39) of the First Amended Complaint and demands strict proof thereof.

40.    Defendant denies the allegations in Paragraph forty (40) of the First Amended Complaint and demands strict proof thereof.

41.    Defendant denies the allegations in Paragraph forty-one (41) of the First Amended Complaint and demands strict proof thereof.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Discrimination on the Basis of Race)

42.    Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through thirty-one (31) of the First Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

43.     Defendant denies as phrased the allegations in Paragraph forty-three (43) of the First Amended Complaint and demands strict proof thereof.

44.     Based upon reasonable investigation, the allegations contained in Paragraph forty-four (44) of the First Amended Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

45.     Defendant denies the allegations in Paragraph forty-five (45) of the First Amended Complaint and demands strict proof thereof.

46.     Defendant denies the allegations in Paragraph forty-six (46) of the First Amended Complaint and demands strict proof thereof.

47.     Defendant denies the allegations in Paragraph forty-seven (47) of the First Amended Complaint and demands strict proof thereof.

48.     Defendant denies the allegations in Paragraph forty-eight (48) of the First Amended Complaint and demands strict proof thereof.

49.     Defendant denies the allegations in Paragraph forty-nine (49) of the First Amended Complaint and demands strict proof thereof.

50.     Defendant denies the allegations in Paragraph fifty (50) of the First Amended Complaint and demands strict proof thereof.

51.     Defendant denies the allegations in Paragraph fifty-one (51) of the First Amended Complaint and demands strict proof thereof.

52.     Defendant denies the allegations in Paragraph fifty-two (52) of the First Amended Complaint and demands strict proof thereof.

53.     Defendant denies the allegations in Paragraph fifty-three (53) of the First Amended Complaint and demands strict proof thereof.

54.     Defendant denies the allegations in Paragraph fifty-four (54) of the First Amended Complaint and demands strict proof thereof.

55.     Defendant denies the allegations in Paragraph fifty-five (55) of the First Amended Complaint and demands strict proof thereof.

56.     Defendant denies the allegations in Paragraph fifty-six (56) of the First Amended Complaint and demands strict proof thereof.

57.     Defendant denies the allegations in Paragraph fifty-seven (57) of the First Amended Complaint and demands strict proof thereof.

58.     Defendant denies the allegations in Paragraph fifty-eight (58) of the First Amended Complaint and demands strict proof thereof.

59.     Defendant denies the allegations in Paragraph fifty-nine (59) of the First Amended Complaint and demands strict proof thereof.

## COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Discrimination on the Basis of National Origin)

60.     Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through thirty-one (31) of the First Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

61.     Defendant denies the allegations in Paragraph sixty-one (61) of the First Amended Complaint and demands strict proof thereof.

62.     Based upon reasonable investigation, the allegations contained in Paragraph sixty-two (62) of the First Amended Complaint are unknown to Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

63.     Defendant denies the allegations in Paragraph sixty-three (63) of the First Amended Complaint and demands strict proof thereof.

64.     Defendant denies the allegations in Paragraph sixty-four (64) of the First Amended Complaint and demands strict proof thereof.

65.     Defendant denies the allegations in Paragraph sixty-five (65) of the First Amended Complaint and demands strict proof thereof.

66.     Defendant denies the allegations in Paragraph sixty-six (66) of the First Amended Complaint and demands strict proof thereof.

67.     Defendant denies the allegations in Paragraph sixty-seven (67) of the First Amended Complaint and demands strict proof thereof.

68.     Defendant denies the allegations in Paragraph sixty-eight (68) of the First Amended Complaint and demands strict proof thereof.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Discrimination on the Basis of National Origin)

69.     Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through thirty-one (31) of the First Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

70.     Defendant denies the allegations as phrased in Paragraph seventy (70) of the First Amended Complaint and demands strict proof thereof.

71.     Based upon reasonable investigation, the allegations contained in Paragraph seventy-one (71) of the First Amended Complaint are unknown to Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

72.     Defendant denies the allegations in Paragraph seventy-two (72) of the First Amended Complaint and demands strict proof thereof.

73.     Defendant denies the allegations in Paragraph seventy-three (73) of the First Amended Complaint and demands strict proof thereof.

74.     Defendant denies the allegations in Paragraph seventy-four (74) of the First Amended Complaint and demands strict proof thereof.

75.     Defendant denies the allegations in Paragraph seventy-five (75) of the First Amended Complaint and demands strict proof thereof.

76.     Defendant denies the allegations in Paragraph seventy-six (76) of the First Amended Complaint and demands strict proof thereof.

77.     Defendant denies the allegations in Paragraph seventy-seven (77) of the First Amended Complaint and demands strict proof thereof.

78.     Defendant denies the allegations in Paragraph seventy-eight (78) of the First Amended Complaint and demands strict proof thereof.

79.     Defendant denies the allegations in Paragraph seventy-nine (79) of the First Amended Complaint and demands strict proof thereof.

80.     Defendant denies the allegations in Paragraph eighty (80) of the First Amended Complaint and demands strict proof thereof.

81.     Defendant denies the allegations in Paragraph eighty-one (81) of the First Amended Complaint and demands strict proof thereof.

82.     Defendant denies the allegations in Paragraph eighty-two (82) of the First Amended Complaint and demands strict proof thereof.

83.     Defendant denies the allegations in Paragraph eighty-three (83) of the First Amended Complaint and demands strict proof thereof.

## COUNT V: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Retaliation)

84.     Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through thirty-one (31) of the First Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

85.     Defendant denies as phrased the allegations in Paragraph eighty-five (85) of the First Amended Complaint and demands strict proof thereof.

86.     Defendant denies the allegations in Paragraph eighty-six (86) of the First Amended Complaint and demands strict proof thereof.

87.     Defendant denies the allegations in Paragraph eighty-seven (87) of the First Amended Complaint and demands strict proof thereof.

88.     Defendant denies the allegations in Paragraph eighty-eight (88) of the First Amended Complaint and demands strict proof thereof.

89.     Defendant denies the allegations in Paragraph eighty-nine (89) of the First Amended Complaint and demands strict proof thereof.

90.     Based upon reasonable investigation, the allegations contained in Paragraph ninety (90) of the First Amended Complaint are unknown to Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

91.     Defendant denies the allegations in Paragraph ninety-one (91) of the First Amended Complaint and demands strict proof thereof.

92.     Defendant denies the allegations in Paragraph ninety-two (92) of the First Amended Complaint and demands strict proof thereof.

## COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Retaliation)

93.     Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through thirty-one (31) of the First Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

94.     Defendant denies as phrased the allegations in Paragraph ninety-four (94) of the First Amended Complaint and demands strict proof thereof.

95.     Defendant denies the allegations in Paragraph ninety-five (95) of the First Amended Complaint and demands strict proof thereof.

96.     Defendant denies the allegations in Paragraph ninety-six (96) of the First Amended Complaint and demands strict proof thereof.

97.     Defendant denies the allegations in Paragraph ninety-seven (97) of the First Amended Complaint and demands strict proof thereof.

98.     Defendant denies the allegations in Paragraph ninety-eight (98) of the First Amended Complaint and demands strict proof thereof.

99.     Based upon reasonable investigation, the allegations contained in Paragraph ninety-nine (99) of the First Amended Complaint are unknown to Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

100.    Defendant denies the allegations in Paragraph one hundred (100) of the First Amended Complaint and demands strict proof thereof.

101.   Defendant denies the allegations in Paragraph one hundred and one (101) of the First Amended Complaint and demands strict proof thereof.

## GENERAL DENIAL

Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As a first affirmative defense, Defendant asserts that Plaintiff has failed to state a cause of action upon which relief may be granted and/or fails to allege sufficient facts necessary to state a cause of action pursuant to Title VII of the Civil Rights act of 1964 of the Florida Civil Rights Act of 1992.

### Second Affirmative Defense

As a second affirmative defense, Defendant asserts that it acted based on legitimate, non-discriminatory or retaliatory reasons in the decision to take any adverse employment action against Plaintiff. These reasons were unrelated to any alleged discrimination based on race or national origin. Plaintiff did not suffer any discrimination or retaliation and Defendant is not liable for any alleged wrongdoing.

### Third Affirmative Defense

As a third affirmative defense, Defendant asserts that Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992 are limited in scope to the charge Plaintiff field with the EEOC and/or Florida Commission on Human Relations.

### Fourth Affirmative Defense

As a fourth affirmative defense, Defendant asserts that it is entitled to all of the rights, privileges, and immunities, including limits on liability set forth in § 768.28, Florida Statutes.

### Fifth Affirmative Defense

As a fifth affirmative defense, Defendant asserts that the total amount of recovery to which Plaintiff would be entitled to in the event of an adverse judgment, is the statutory cap of $300,000 for compensatory damages, pursuant to 42 U.S.C. § 1981(a), or the statutory cap of $200,000 for compensatory damages, pursuant to § 760.11(5) and § 768.28, Florida Statutes.

### Sixth Affirmative Defense

As a sixth affirmative defense, Defendant asserts that neither race nor national origin were a substantial motivating factor in any adverse employment action taken against Plaintiff.

### Seventh Affirmative Defense

As a seventh affirmative defense, Defendant asserts that it is entitled to a set-off of all amounts paid or payable by all collateral sources for all expenses, bills, or other obligations incurred as a result of the alleged incident, in accordance with § 768.28, Florida Statutes.

### Eighth Affirmative Defense

As an eighth affirmative defense, Defendant asserts that it would have taken the same action in the absence of any purported discriminatory or retaliatory intent. Plaintiff would therefore be limited to the relief authorized in 42 U.S.C. § 2000e-5(g)(2)(b).

### Ninth Affirmative Defense

As a ninth affirmative defense, Defendant states that Plaintiff has failed to mitigate as is proper and reasonable under the circumstances.

### Tenth Affirmative Defense

As a tenth affirmative defense, Defendant states that Plaintiff's First Amended Complaint fails to show a causal connection and/or nexus between any statutorily protected activity and/or any purported discrimination and any alleged adverse employment action. Therefore, Plaintiff's claims of retaliation fail to state a cause of action.

### Eleventh Affirmative Defense

As an eleventh affirmative defense, Defendant asserts that Plaintiff was an "at-will" employee.

### Twelfth Affirmative Defense

As a twelfth affirmative defense, Defendant asserts that her alleged protected speech was not the "but-for" cause for the alleged adverse employment action.

### Thirteenth Affirmative Defense

As a thirteenth affirmative defense, Defendant states that any declaratory relief is barred because Plaintiff has not suffered an irreparable injury, is unlikely to succeed on the merits, and has an adequate remedy at law.

## DEMAND FOR ATTORNEY'S FEES

Defendant, FIU, has retained counsel to defend these allegations, and seeks attorney's fees, pursuant to 42 U.S.C. § 2000e-5(k) and Fla. Stat. § 760.11.

## JURY DEMAND

Defendant demands a trial by jury and all issues so triable.

I HEREBY CERTIFY that on this 18th day of May, 2020, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing

document is being served this day on all counsel of record or pro se parties identified on the

attached Service List in the manner specified, either via transmission of Notices of Electronic

Filing generated by CM/ECF or in some other authorized manner for those counsel or parties

who are not authorized to receive electronically Notices of Electronic Filing.

MARRERO & WYDLER
*Counsel for Defendant*
2600 Douglas Road, PH-4
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)

BY __/s/ Lourdes Espino Wydler_____
     OSCAR E. MARRERO
     F.B.N.: 372714
     oem@marrerolegal.com
     LOURDES ESPINO WYDLER
     F.B.N.: 719811
     lew@marrerolegal.com

## SERVICE LIST

Michelle Cohen Levy, Esq.
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, FL 33064
(954) 651-9196
(954) 463-1245 (fax)
michelle@cohenlevylegal.com
FBN: 0068514
*Attorneys for Plaintiff.*